```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VINCENT CURTIS CONYERS,

                    Plaintiff,

          -against-

UNITED STATES DEPARTMENT OF VETERAN
AFFAIRS,

                    Defendants.
----------------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 22 2017 ★
LONG ISLAND OFFICE

ORDER
16-CV-13 (JFB) (SIL)

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Locke recommending that the Complaint in this action be dismissed in its entirety, and that plaintiff be granted leave to amend his Complaint. (ECF No. 34.) The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* R&R at 38.) The date for filing any objections has since expired, and none of the parties has filed any objection to the R&R. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R.

Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*,

328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas,* 474 U.S. at 155)).

Although all parties have waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the Complaint, the motion papers, and the applicable law, and having reviewed the R&R *de novo,* the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R and dismisses the Complaint in its entirety with leave to add causes of action for injunctive relief pursuant to 5 U.S.C. § 552a(g)(1)(A)-(B) and to re-plead causes of action one, two, three, four, five, six, eight, nine, and ten. Plaintiff has already filed an Amended Complaint with the Court (ECF No. 36), and need not re-file it pursuant to this Order.

SO ORDERED.

*/s/ Joseph Bianco*
Joseph F. Bianco
United States District Judge

Dated: February 22, 2017
Central Islip, New York