SLR:JHK
F.#2016V00409

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

VINCENT CURTIS CONYERS,

                Plaintiff,

    -against-

UNITED STATES DEPARTMENT,
OF VETERANS AFFAIRS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

Civil Action No.
16 CV 0013

(Bianco, J.)
(Locke, M.J.)


## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS


BRIDGET M. ROHDE
Acting United States Attorney
Eastern District of New York
Attorney for Defendant
610 Federal Plaza
Central Islip, New York 11722


JAMES H. KNAPP
Assistant United States Attorney,
(Of Counsel)

Table of Contents

Table of Authorities…………………………………………………………………ii

Preliminary Statement…………………………………………………………..…..1

STATEMENT OF ACTS………………………………………………………….3

A.    Factual Background……………………………………………….............3

B.    Procedural History….……………………………………………….....6

C.    The Allegations in the Amended Complaint……………………..….............7

ARGUMENT……………………………………………………………….....9

POINT I -    THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR
            LACK OF SUBJECT MATTER JURISDICTION.............................9

A.    The Standard for Pro Se Pleadings……………………………………….9

B.    The Fed. R. Civ. P. 12(b)(1) Dismissal Standard………………………….....9

C.    The Privacy Act's Limited Waiver of Sovereign Immunity……………………...10

D.    Plaintiff's Veiled Challenge to the VA's Benefits Determination
      Must Be Dismissed……………………………………………….12

E.    Plaintiff Is Not Entitled To Injunctive Relief………………..………………...15

      1.    The VA Provided Plaintiff With Access To His Record………………..16

      2.    Plaintiff Is Not Entitled To An Order Directing The VA
            To Amend His Record……………………………..………………...16

POINT II - THE COMPLAINT SHOULD BE DISMISSED
          FOR FAILURE TO STATE A CLAIM………………………..………19

      A.    Standard For Dismissal For Failure To State A Claim………………….19

      B.    Plaintiff Cannot Show That He Sustained Actual Damages………………..20

      C.    All of Plaintiff's Individual Claims Should Be Dismissed…………………..21

CONCLUSION…………………………………………………...…………….23

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................ 19, 20

*Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l, Ltd.*, 968 F.2d 196 (2d Cir. 1992) ...................... 9

*ATSI Communications, Inc. v. Wolfson*, 493 F.3d 87 (2d Cir. 2007) ........................................... 19

*Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635 (2d Cir. 2005) ................................. 9

*Bechhoefer v. United States Dep't. of Justice*, 312 F.3d 563 (2nd Cir. 2002) ............................. 16

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................... 19

*Cargill Int'l S.A. v. M/T Pavel Dybenko*, 991 F.2d 1012 (2d Cir. 1993) ...................................... 9

*Colon v. Executive Office for United States Attorneys*, No. Civ.A.98–0180,
1998 WL 695631 (D.D.C. Sept.29, 1998) ........................................................................... 16

*Comfort Inn Oceanside v. Hertz*, No. 11-CV-1534, 2011 WL 5238658
(E.D.N.Y. Nov. 1, 2011) ........................................................................................... 19, 20

*Conyers v. United States Dep't of Veterans Affairs*, No. 16 CV 0013,
2017 WL 722107 (E.D.N.Y. Jan. 10, 2017) .................................................................. 2, 6, 7, 21

*Deters v. U.S. Parole Comm'n*, 85 F.3d 655 (D.C. Cir. 1996) .............................................. 12, 21

*Diederich v. Dep't of the Army*, 878 F.2d 646 (2d Cir. 1989) ........................................ 16, 17, 18

*Doe v. Chao*, 540 U.S. 614 (2004) ......................................................................... 2, 11, 20

*Dowd v. Internal Revenue Serv.*, 776 F.2d 1083 (2d Cir. 1985) ................................................ 11

*Duke v. United States*, 305 F. Supp. 2d 478 (E.D.Pa 2004) .................................................. 16

*Erickson v. Pardus*, 551 U.S. 89 (2007) ......................................................................... 9

*F.A.A. v. Cooper*, 132 S. Ct. 1441 (2012) ............................................................. 2, 10, 11, 20, 21

*Gardner v. Brown*, 5 F.3d 1456 (Fed. Cir. 1993) ................................................................ 12

*Germosen v. Cox*, No. 98 Civ. 1294, 1999 WL 1021559
(S.D.N.Y. Nov. 9, 1999) ........................................................................................ 11, 21

*Hayden v. Patterson*, 594 F.3d 150 (2d Cir. 2010) .......................................................... 20, 18

*Hicks v. Veterans Admin.*, 961 F.2d 1367 (8th Cir. 1992) ........................................ 12

*Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006 (2d Cir. 1986) ........................... 10

*Larrabee v. Derwinski*, 968 F.2d 1497 (2d Cir. 1992) ............................................... 12

*Lunney v. United States*, 319 F.3d 550 (2d Cir. 2003) ............................................... 10

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000) ....................................... 9, 10

*Norton v. Larney*, 266 U.S. 511 (1925) ...................................................................... 9

*Olsen v. Social Security Admin.*, No. 10 CV 0474, 2013 WL 3190346
(E.D.N.Y. June 18, 2013) ............................................................................... 9, 16, 18

*Pappanikoloaou v. Administrator of the Veterans Admin.*, 762 F. 8
(2d Cir. 1985) .......................................................................................... 1, 12, 13

*Quinn v. Stone*, 978 F.2d 126 (3d Cir. 1992) .......................................................... 11

*Ruston  v. Town Bd. for Skaneateles*, 610 F.3d 55 (2d Cir. 2010) ............................. 20

*Soriano v. United States*, 352 U.S. 270 (1957) ......................................................... 10

*Sugrue v. Derwinski*, 26 F.3d 8 (2d Cir. 1994) .......................................... 1, 12, 13, 14, 15

*Tarullo v. Defense Contract Audit Agency*, 600 F. Supp. 2d 352 (D. Conn. 2009) .......... 10, 11, 22

*United States v. Mitchell*, 463 U.S. 206 (1983) ...................................................... 10

*United States v. Sherwood*, 312 U.S. 584 (1941) .................................................... 10

## FEDERAL STATUTES

38 U.S.C. § 511(a) ............................................................................................... 12

38 U.S.C. § 511(b) ............................................................................................... 13

38 U.S.C. § 7252(a) ...................................................................................... 12, 13, 14

38 U.S.C. §§ 7251–7298 ...................................................................................... 12

5 U.S.C. § 552 ..................................................................................................... 9

5 U.S.C. § 552a ............................................................................................... 1, 12

5 U.S.C. § 552a(d)(1) ......................................................................................... 6, 7

5 U.S.C. § 552a(d)(2) ............................................................................................ 7

5 U.S.C. § 552a(d)(3) ........................................................................... 6, 17

5 U.S.C. § 552a(e)(1) ................................................................................ 7

5 U.S.C. § 552a(e)(2) ................................................................................ 8

5 U.S.C. § 552a(e)(5) ................................................................................ 8

5 U.S.C. § 552a(e)(6) ................................................................................ 8

5 U.S.C. § 552a(e)(9) ................................................................................ 8

5 U.S.C. § 552a(e)(10) ............................................................................. 8

5 U.S.C. § 552a(g)(1)(A) ............................................................... 6, 15, 17

5 U.S.C. § 552a(g)(1)(B) ............................................................... 6, 15, 13

5 U.S.C. § 552a(g)(4) ............................................................................. 21

5 U.S.C. § 552a(g)(4)(A) ........................................................................ 11

## **FEDERAL RULES**

Fed. R. Civ. P. 12(b)(1) ........................................................................ 1, 9

Fed. R. Civ. P. 12(b)(6) ...................................................................... 1, 19

## PRELIMINARY STATEMENT

Defendant United States Department of Veterans Affairs (the "Department" or "VA"), respectfully submits this memorandum of law in support of the Department's motion to dismiss for: 1) lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); or, in the alternative, 2) failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

In his Amended Complaint, Plaintiff Pro Se Vincent Curtis Conyers, an honorably discharged disabled veteran of the United States Army ("Plaintiff"), seeks damages and injunctive relief for multiple alleged violations of the Privacy Act, 5 U.S.C. § 552a (the "Act"). Plaintiff further submits that the Department's alleged violations of the Act infringed upon his procedural Due Process rights.

The central theme of the amended complaint's nearly 250-pages that the Department denied Plaintiff "vocational rehabilitation services and assistance [available for disabled Veterans] . . . under the *Self-Employment Track*" in order to open and operate a bar/cabaret. See Amended Complaint ("Compl."), ¶¶ 1-16 (emphasis in original). The amended complaint's myriad alleged violations of the Act, claims of unconstitutional conduct, and requests for injunctive relief are nothing more than impermissible collateral attacks on a VA benefits determination. As set forth herein, the amended complaint should fail as a matter of law because district courts lack subject matter jurisdiction to entertain such attacks. Sugrue v. Derwinski, 26 F.3d 8, 11 (2d Cir. 1994); Pappanikoloaou v. Administrator of the Veterans Admin., 762 F. 8, 9 (2d Cir. 1985).

Moreover, Plaintiff's request for equitable relief should fail for several reasons. First, the VA provided Plaintiff with access to his record. Next, the amended complaint does not identify a record, or aspect of a record, that Plaintiff asked the VA to amend or correct, let alone identify

a record that it refused to correct or amend.  Rather, Plaintiff identifies two records which he speculates form the basis for the Department having denied him the self-employment benefits he seeks.  He then summarily opines that the VA's misreading and/or misuse of the two records somehow rendered them "irrelevant and unnecessary," such that their presence in his record violates the Act and his constitutional rights.  Plaintiff's attempt to use the Act to question the decision-making of the Department, under the guise of a constitutional violation, must again be rejected as beyond the scope of judicial review.[1]

Notwithstanding, even if this Court were to accept Plaintiff's allegations, the amended complaint should fail because, inter alia, it does allege that Plaintiff sustained "actual damages" resulting from the VA's actions (or perhaps inaction), or that the alleged violations of the Act were "intentional or willful," which Plaintiff must show to state a claim under the Act. F.A.A. v. Cooper, 132 S. Ct. 1441, 1453-56 (2012); Doe v. Chao, 540 U.S. 614, 627 (2004).  As such the amended complaint should be dismissed with prejudice and judgment entered in favor of the United States Department of Veterans Affairs.

---

[1] By order dated February 22, 2017, the Court adopted a Report and Recommendation issued by Magistrate Judge Locke "recommending that the complaint . . . be dismissed in its entirety, and that plaintiff be granted leave to amend his Complaint." Convers v. United States Dep't of Veterans Affairs, No. 16 CV 0013, 2017 WL 722107 (E.D.N.Y. Jan. 10, 2017), adopted by 2017 WL 728228 (E.D.N.Y. Feb. 22, 2017).

**STATEMENT OF FACTS**

A.    Factual Background

Plaintiff served in the United States Army from June 1986 and until January 2012, when

he received an honorable discharge with a rank of E-7.[2] See Compl., Exhibit ("Ex.") 16.[3]

Plaintiff has been unemployed since his discharge from the Army in 2012. Id.  On November

13, 2013, Plaintiff met with a VA counseling psychologist who advised Plaintiff that he was

eligible for Department vocational rehabilitation and benefits services under the VA's

Vocational Rehabilitation and Employment program, a program commonly referred to as

Chapter 31 benefits (the "VR&E program"). Id., ¶¶ 1-3, 61; Ex. 1.  The psychologist with whom

Plaintiff met wrote a report, dated November 13, 2013, memorializing the meeting (the

"November 2013 report").  Id., Ex. 16.  The November 2013 report noted, among other things,

that Plaintiff was "looking to start his own bar and grill restaurant" with VR&E assistance and

that he was "currently residing with his mother in her house in [sic] Long Island." Id., Ex. 16.

The psychologist also wrote a letter to Plaintiff, dated November 14, 2013, advising him, inter

alia, that he was "entitled to VR&E benefits under Chapter 31" (the "November 2013 letter")

Id., Ex. 1.

On December 17, 2013, Plaintiff met with a VA vocational rehabilitation counselor.  Id.,

¶¶ 5, 64.  During that meeting, the counselor advised Plaintiff that he was ineligible for "Chapter

31 services and assistance under the *Self-Employment Track* [i.e., the means by which Plaintiff

---

[2] In addition to the monthly cash benefits Plaintiff receives from the VA, upon information and belief, a
service member who retired in 2012 at the rank of E-7 would receive a monthly pension benefit of
approximately $2,600 from the Department of Defense.

[3] A copy of the amended complaint and its 21 exhibits is being provided to the Court on a disc, in .pdf and
.pdf searchable formats, annexed as Exhibits A and B to the Declaration of James H. Knapp, Assistant
United States Attorney, dated May 19, 2017.

aimed to open and operate a bar/cabaret] and is only eligible for direct job placement . . ." and education assistance. Id., ¶¶ 6, 64 (emphasis in original). Plaintiff disagreed. Id., ¶ 7.

Following the meeting, the counselor wrote Plaintiff a letter, dated December 17, 2013 (the "December 2013 letter"). Id., ¶ 65, Ex. 3. The letter advised that the VA was proposing to discontinue Plaintiff's VR&E benefits because of Plaintiff's "failure to cooperate in any plan that d[id] not fall within the Self-Employment Track." Id. The letter explained the VA's reasons for the decision, including Plaintiff's lack "of capital [to open and operate a bar/cabaret-type] venture." Id. The letter also discussed the alternative VR&E benefits the counselor had proposed, such as direct job placement "in Government as well as private industry" and education assistance benefits "such as going to school for Hotel & Restaurant Management," which alternative Plaintiff had refused because he was then, and is now, uninterested in such services. Id. Finally, the letter advised Plaintiff of steps he could take if he disagreed with the decision including, "meet[ing] with a [VA vocational rehabilitation] staff member to review the basis for the decision including any relevant written documents or material." Id. The letter also afforded Plaintiff the opportunity to "submit any material or information [in Plaintiff's possession] which [wa]s relevant to the decision." Id.

On January 7, 2014, Plaintiff met with a VA vocation rehabilitation and employment supervisor. Id., ¶¶ 8, 67. The supervisor upheld the counselor's decision. Id. In addition, on that date the counselor with whom Plaintiff met in December 2013 wrote a "Counseling Record – Narrative Report," in which he detailed his professional interaction with Plaintiff (the "January 2014 Report"). Id., ¶ 9, Ex. 17. Following the meeting, Plaintiff requested administrative review of the VA's decision to deny him self-employment track benefits. Id., ¶ 67.

By letter dated January 17, 2014, the VA notified Plaintiff that it had "interrupted [his participation in the] VR&E program" because he did not qualify for self-employment benefits and "refuse[d] to entertain any other plan" under the VR&E program.  Id., ¶ 68, Ex. 4.  The following day Plaintiff contacted his Congressional representatives and requested that they intervene with the Department on his behalf.  Id., ¶ 69.

Several weeks later the office of former United States Representative Carolyn McCarthy wrote to Plaintiff, by letter dated March 21, 2014.[4]  Id., ¶ 73, Ex. 6.  The letter attached the VA's written response to the inquiry Ms. McCarthy's office had made on Plaintiff's behalf and advised, among other things, that "[Plaintiff] stated that the only [employment] service he would accept . . . was that of self-employment towards the goal of opening up a nightclub/cabaret."  Id.  The VA's response also stated that "the choice of assisting [Plaintiff] in opening a nightclub is questionable based on [his] service connected and non-service connected disabilities . . . including recent issues with alcohol and substance abuse."  Id.

By letter dated May 9, 2014 (the "May 2014 letter"), the Department notified Plaintiff that it was "disallow[ing] his claim for [VR&E] benefits . . . because [he] refused to participate in any plan that did not fall under self-employment as the owner of a cabaret."  Id., ¶ 76, Ex. 9.  The letter also advised Plaintiff that he was entitled to "request administrative review" or "file a formal appeal."  Id.  The letter further advised Plaintiff that the "decision only affect[ed his] claim for VR&E benefits."  Id.

On July 1, 2014, Plaintiff appealed the Department's VR&E decision to the Board of Veterans Appeals.  Id., ¶ 80, Ex. 13.  Plaintiff submitted a Privacy Act request, dated July 3, 2014, to the VA seeking a copy of his VR&E division records.  Id., ¶ 81, Ex. 14.  By letter dated

---

[4] The Offices of United States Senators Charles E. Schumer and Kirsten Gillibrand also contacted the VA on Plaintiff's behalf.  See ¶¶ 69, 72, Exs. 5 and 8.

February 17, 2015 (the "February 2015 response"), the VA provided Plaintiff with a copy of his VR&E record.  Id., ¶ 83, Ex. 14.  The February 2015 response did not identify any records the VA intentionally withheld from Plaintiff.  Id.

On February 20, 2015, Plaintiff inquired with unnamed VA personnel about "the procedures for correcting or amending" his record.  Id., ¶ 84.[5]  The alleged correction/amendment Plaintiff requested in February 2015 was that the November 2013 and January 2014 Reports be "fully included" in his record.  Id., Exs. 16, 17.

On August 5, 2015, the Board of Veterans Appeals ("BVA") heard Plaintiff's appeal of the Department's VR&E benefits denial.  Id., ¶ 87.  Upon information and belief, Plaintiff's appeal remains pending before the BVA.

Plaintiff alleges that he sustained "actual damages" under the Act in the form of expenses incurred to challenge the VA's benefits determination.  Id., Ex. 21.  The expenses include:  local bus and rail fare, postage, copying, telephone calls and faxes, and fees for internet access.  Id.  Plaintiff did not attach receipts for the expenses he allegedly incurred.  Id.

B.     Procedural History

Plaintiff filed the original complaint on January 4, 2016.  See Docket No. 1.  On August 24, 2016, Defendant filed a motion to dismiss.  See Docket Nos. 24-33.  On January 10, 2017, the Honorable Steven I. Locke, United States Magistrate Judge, issued a report and recommendation recommending that the complaint be dismissed in its entirety and that Plaintiff be granted leave to amend the complaint "to add causes of action for injunctive relief . . . and re-plead causes of action one, two, three, four, five, six, eight, nine and ten, but not claim seven."

---

[5] Plaintiff did not allege this "fact" in the original complaint.   He did not previously seek injunctive relief under 5 U.S.C. § 552a(g)(1)(A) or (B) for alleged violations of 5 U.S.C. § 552a(d)(1) or (d)(3).  See Complaint, Docket No. 1; Conyers, 2017 WL 722107 at *16, fn. 1.

Conyers, 2017 WL 722107 at *37.  This Court adopted the report and recommendation on February 22, 2017.  Conyers, 2017 WL 728228.

C.      The Allegations in the Amended Complaint

On January 10, 2017, Plaintiff filed an amended complaint.  See Docket No. 36.  In it he alleges over 440 discreet violations of the Act.  Id.  Apparently seizing on Defendant's liberal reading of the original complaint in its previous motion to dismiss in which Defendant noted that this Court "ordinarily could exercise jurisdiction . . . over constitutional claims . . .," Plaintiff submits that the VA's alleged (mis)handling of his benefits claim violated his Due Process rights and the Act.  Further, he now submits that the VA's failure to afford the proper weight to the November 2013 report rendered it and the January 2014 Report "irrelevant and unnecessary" in violation of the Act.

Specifically, the amended complaint sets forth eight claims, each of which contains multiple discreet violations:

> **Claim I** alleges five violations of 5 U.S.C. § 552a(d)(1), which provides that the VA "shall upon request by an individual to gain access to his record or to any information pertaining to him which is contained in the system [of records], permit him . . . to review the record and have a copy made of all or any portion thereof in a form comprehensible to him . . . ."  See Compl., ¶¶ 101-130;

> **Claim II** alleges six violations of 5 U.S.C. § 552a(d)(2), which mandates that the VA "shall permit the individual to request amendment of a record pertaining to him and (A) not later than 10 days . . . after the date of receipt of such request, acknowledge in writing such receipt; and (B) promptly, either—(i) make any correction of any portion thereof which the individual believes is not accurate, relevant, timely or complete; or (ii) inform the individual of its refusal to amend the record in accordance with his request, the reason for the refusal, the procedures established by the agency for the individual to request a review of that refusal by the head of the agency, and the name and business address of that official;" Id., ¶¶ 131-147.

> **Claim III** alleges 91 violations of 5 U.S.C. § 552a(e)(1), which mandates that the VA "maintain in its records only such information about an individual as is

relevant and necessary to accomplish a purpose of the agency required to be accomplished by statute . . . ." <u>Id.</u>, ¶¶ 148-166.

**Claim IV** alleges 16 violations of 5 U.S.C. § 552a(e)(2), which provides that the VA "collect information to the greatest extent practicable directly from the subject individual when the information may result in an adverse determination about an individual's rights, benefits, and privileges under [VA benefits] programs." <u>Id.</u>, ¶¶ 167-187.

**Claim V** alleges 170 violations of 5 U.S.C. § 552a(e)(5), which directs the VA to "maintain all records which are used by [it] in making any determination about an individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness . . . in the determination." <u>Id.</u>, ¶¶ 188-208.

**Claim VI** alleges 85 violations of 5 U.S.C. § 552a(e)(6), which provides that "prior to disseminating any record about an individual to any person other than an agency, unless the dissemination is made pursuant to subsection (b)(2) of this section, make reasonable efforts to assure that such records are accurate, complete, timely, and relevant for agency purposes;" <u>Id.</u>, ¶¶ 209-260.

**Claim VII** alleges 30 violations of 5 U.S.C. § 552a(e)(9), which mandates that the VA "establish rules of conduct for persons involved in the design, development, operation, or maintenance of any system of records ." <u>Id.</u>, ¶¶ 261-287.

**Claim VIII** alleges 39 violations of 5 U.S.C. § 552a(e)(10), which directs the VA to "establish appropriate administrative, technical, and physical safeguards to insure the security and confidentiality of records and to protect against any anticipated threats or hazards to their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained. . . ." <u>Id.</u>, ¶¶ 288-346.

## ARGUMENT

### POINT I

### THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

**A.**     **The Standard for Pro Se Pleadings**

Plaintiff, proceeding herein pro se, is entitled to a liberal reading of his claims in this Court. Erickson v. Pardus, 551 U.S. 89, 94 (2007). As such, the complaint must be read with an eye toward it having "rais[ed] the strongest arguments [it] suggests."[6] Olsen v. Social Security Admin., No. 10 CV 0474, 2013 WL 3190346 at *2 (E.D.N.Y. June 18, 2013).

**B.**     **The Fed. R. Civ. P. 12(b)(1) Dismissal Standard**

A case should be dismissed under Fed. R. Civ. P. 12(b)(1) where "the district court lacks statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), a court must accept all material factual allegations in the complaint as true. See Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l, Ltd., 968 F.2d 196, 198 (2d Cir. 1992). "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." Id. (quoting Norton v. Larney, 266 U.S. 511, 515 (1925)). Instead, the court must "look at the substance of the allegations to determine jurisdiction." Cargill Int'l S.A. v. M/T Pavel Dybenko, 991 F.2d 1012, 1019 (2d Cir. 1993). A plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. Makarova, 201 F.3d at 113; see also Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule

---

[6] To the extent the amended complaint asserts a claim under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, see e.g., Compl., ¶¶ 71, 85, such a claim should be denied as moot because, as Plaintiff concedes, the Department responded to his FOIA request in March 2015. Id.

12(b)(1), a district court may refer to evidence outside the pleadings, such as affidavits or documents. Makarova, 201 F.3d at 113 (citing Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)).

## C.     The Privacy Act's Limited Waiver of Sovereign Immunity

The United States is immune from suit unless it consents to be sued through a waiver of sovereign immunity.  See, e.g., Cooper, 132 S.Ct. at 448; United States v. Mitchell, 463 U.S. 206, 212 (1983).  The United States Supreme Court has long held that "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied."  Soriano v. United States, 352 U.S. 270, 276 (1957). Where the United States has not waived sovereign immunity, courts lack subject matter jurisdiction over the suit against the United States.  United States v. Sherwood, 312 U.S. 584, 586-88 (1941); Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003).

In addition, the United States has not waived its sovereign immunity for claims based on the United States Constitution.  See FDIC v. Meyer, 510 U.S. 471, 477-78 (1994)(recognizing that the waiver of sovereign immunity in the Federal Torts Claims Act, 28 U.S.C. § 1346(b), does not include constitutional torts); see also Mack v. United States, 814 F.2d 120, 122 (2d Cir. 1987)("the general federal question jurisdictional statute, 42 U.S.C. § 1331, does not constitute a waiver of sovereign immunity by the United States.").

The Privacy Act (the "Act") provides such a limited waiver of sovereign immunity for 1) "actual damages" sustained as a result of a violation of the Act; see, e.g., Cooper, 132 S. Ct. at 1453; and 2) injunctive relief in limited circumstances as prescribed under the Act.  Tarullo v. Defense Contract Audit Agency, 600 F. Supp. 2d 352, 359 (D. Conn. 2009) (citations omitted).

The Act, in pertinent part (5 U.S.C. § 552a(g)(4)):

> permits recovery of monetary damages by a plaintiff who has been
> the subject of disclosures of information by the government and
> who can prove that: (1) the information is covered by the Act as a
> "record" contained in a "system of records;" (2) the agency
> "disclose[d] the information;" (3) the disclosure had an "adverse
> effect" on the plaintiff (an element which separates itself into two
> components: (a) an adverse effect standing requirement and (b) a
> causal nexus between the disclosure and the adverse effect); and
> (4) the disclosure was willful or intentional.

Germosen v. Cox, No. 98 Civ. 1294, 1999 WL 1021559, *18 (S.D.N.Y. Nov. 9, 1999), citing

Quinn v. Stone, 978 F.2d 126, 131 (3d Cir. 1992); see also Tarullo, 600 F. Supp. 2d at 359.

Significantly, the "adverse effect" requirement may not be met "simply by demonstrating a

statutory violation (e.g. a wrongful disclosure of protected information). Id., citing Chao, 540

U.S. at 620. Nor does the Act "provide compensation for 'mere administrative error.'"

Germosen, 1999 WL 1021559 at *18, citing Dowd v. Internal Revenue Serv., 776 F.2d 1083,

1084 (2d Cir. 1985).

Pursuant to the Act's civil remedies provision, the United States shall be liable only for

"actual damages sustained by the individual" for "intentional or willful" acts of one of its

agencies in "refus[ing] or fail[ing] to comply with the Act." 5 U.S.C. § 552a(g)(4)(A); see

Cooper, 132 S. Ct. at 1448-49. In Cooper, the Supreme Court held that actual damages is

"limited to proven pecuniary or economic harm" and does not include claims for mental or

emotional distress. Id., at 1446. Moreover, provided one can prove he sustained "actual

damages," a plaintiff "must prove the agency acted in a manner which was intentional or

willful." Tarullo, 600 F. Supp. 2d at 361, quoting Dowd v. I.R.S., 776 F.2d 1083, 1084 (2d

Cir.1985). "[The intentional and willful] standard [is] somewhat greater than gross negligence."

Tarullo, 600 F. Supp. 2d at 361. "An agency acts in an intentional or willful manner either by

committing the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act . . . . [T]he violation must be so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful." <u>Id.</u>, quoting <u>Deters v. U.S. Parole Comm'n</u>, 85 F.3d 655, 660 (D.C. Cir. 1996).

**D.     <u>Plaintiff's Veiled Challenge to the VA's Benefits Determination Must Be Dismissed</u>**

As discussed above, the amended complaint again characterizes this action as one invoking liability against the VA under the Act, 5 U.S.C. § 552a.  It further seeks relief for alleged constitutional violations.  However, the undeniable gravamen of Plaintiff's dispute with the VA continues to be that it refused to grant him self-employment vocational benefits for his stated purpose of opening a bar/cabaret.  Plaintiff's portrayal of his claims notwithstanding, this covert challenge of the VA's benefits determination must be dismissed for lack of subject matter jurisdiction because, as explained below, such decisions are left to the exclusive province of the Secretary of Veterans Affairs.

The Veterans' Judicial Review Act of 1988, 38 U.S.C. §§ 7251–7298 ("VJRA"), provides that the exclusive remedy for the denial of veterans benefits is to appeal to the Court of Veterans Appeals.  <u>Id.</u> § 7252(a).  <u>See</u> <u>Sugrue</u>, 26 F.3d at 11; <u>Gardner v. Brown</u>, 5 F.3d 1456, 1463 (Fed. Cir. 1993), affirmed, 513 U.S. 115 (1994); <u>see</u> <u>also</u> 38 U.S.C. § 511(a); <u>Larrabee v. Derwinski</u>, 968 F.2d 1497 (2d Cir. 1992); <u>Hicks v. Veterans Admin.</u>, 961 F.2d 1367 (8th Cir. 1992).  Indeed, the Second Circuit has made plain that "the Privacy Act . . . may not be used as <u>rhetorical</u> <u>cover</u> to attack VA benefits determinations."  <u>Sugrue</u>, 26 F.3d at 11 (Emphasis added).  Similarly, "one may not circumvent [the VJRA] by seeking damages on a constitutional claim arising out of a denial of benefits," <u>Pappanikoloaou</u>, 762 F. at 9, because a district court "do[es] not acquire

jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms." Sugrue, 26 F.3d at 11.

All eight of the claims set forth in the amended complaint should be dismissed for lack of subject matter jurisdiction because each and every claim attempts to "circumvent [the VJRA] by seeking damages and equitable relief premised on a constitutional claim arising out of a the denial of [self-employment] benefits," which the law does not permit. Pappanikoloaou, 762 F. at 9. The law is clear that Plaintiff must seek relief under the VJRA in the Court of Veterans Appeals. See 38 U.S.C. § 7252(a); Sugrue, 26 F.3d at 11.

Among the exceptions to the jurisdiction of the Court of Veterans Appeals set forth in the VJRA at 38 U.S.C. § 511(b) are challenges under the Privacy Act to an agency's record-keeping and for failing to provide an individual access to his agency record. Here, Plaintiff submits that certain of his records which, in his estimation, "should have [been] maintained" within his record were not produced in response to his Privacy Act request. See Compl. ¶¶ 83, 87. According to Plaintiff, it was significant that his record -- to which he was given access -- did not contain "any documentation recounting the reasoning or bases for the [VA] disregarding, ignoring and not utilizing the [November 2013 report] while rendering determinations regarding [his] qualifications, character, rights, opportunities, and benefits to . . . services and assistance under the *Self-Employment Track* . . . ." Id., ¶ 87(a) (emphasis in original). However, this is an attack on the VA's determination, not a Privacy Act challenge. As an aside, it is difficult to envision that such a document would have been created which would explain why such a record was not provided to Plaintiff. In any event, among the records that do exist and that were provided to Plaintiff is the VA vocational rehabilitation counselor's December 2013 letter to Plaintiff. See Compl., Ex. 3. The counselor's letter, inter alia, "explained [to Plaintiff] the eligibility and

procedural requirements to pursue a Self-Employment plan . . . [and that the counselor and Plaintiff] discussed [Plaintiff's] financial situation and that [Plaintiff lacked] the capital [to open and operate a bar/cabaret]." Id.

Plaintiff further claims that the purported "non-reference/non-disclosure" by the counselor (and others at the VA) to/of the November 2013 and January 2014 reports rendered those documents "irrelevant and unnecessary record[s]" which caused unquantified actual damages and violated his constitutional rights. See Compl, ¶¶ 98-100, Ex. 21. This is another collateral attack on the VA's determination, not a Privacy Act challenge. Plaintiff essentially asks this Court to conclude that the reports must not have been appropriately considered by the VA when it refused to grant him self-employment benefits, which is beyond the scope of this Court's review under the Act.

In yet another attack, Plaintiff asks that the VA be ordered to "fully include," i.e., reconsider, the November 2013 and January 2014 reports in his record, id., ¶ 84, so that, presumably, once reconsidered, the VA should reverse course and find that he is eligible for self-employment benefits. First, the reports were "fully included" in Plaintiff's record, the evidence of which is that he received copies of them in response to Privacy Act request. More importantly, what weight to afford the reports is a decision left to the discretion of the Secretary of Veteran Affairs and any challenge to the Secretary's discretion can be made only in the Court of Veterans Appeals. See 38 U.S.C. § 7252(a); Sugrue, 26 F.3d at 11. For Plaintiff to have a viable Privacy Act claim, he would need to show that after considering those reports for the first time, the VA awarded him the benefits he was seeking for the purpose to which he planned to apply them. This is very unlikely; both reports were fully included in Plaintiff's record, were

considered by the VA, and were used to generate other records (which Plaintiff has been provided) in which the VA denied Plaintiff self-employment benefits.

Plaintiff's parsing of the provisions of the Act and careful use of language are once again nothing more than veiled attempts to attack the Department's benefits denial. Rather than plainly stating that his alleged damages include a loss of benefits, as he did in the original complaint, Plaintiff authored the above fiction that the VA ignored the November 2013 report, which in his estimation, establishes his undeniable right to self-employment benefits. In an attempt to craft a constitutional claim, the story concludes with Plaintiff's desire that the VA be ordered to "fully include" the November 2013 and January 2014 reports in its benefits determination and reach the only conclusion that Plaintiff submits the record supports, i.e., that he is entitled to self-employment benefits to open and operate a bar/cabaret. Plaintiff utilizes this fiction throughout the amended complaint "to cloak[] in constitutional terms," and "as rhetorical cover to attack," the VA's benefits decision. This the Privacy Act does not permit. Sugrue, 26 F.3d at 11; Pappanikoloaou, 762 F. at 9. Accordingly, the amended complaint should be dismissed in its entirety.

## E.     Plaintiff Is Not Entitled To Injunctive Relief

Plaintiff's impermissible attack on the Department's benefits decision aside, the amended complaint seeks relief under sections (g)(1)(A) and (B) of the Privacy Act, which provide for injunctive relief if an agency either fails to provide an individual access to his record or refuses a request to amend a record. See 5 U.S.C. §§ 552a(g)(1)(A) and (B). Under such circumstances a court may, inter alia, order an agency to provide the individual access to his record, conduct a de novo review of the record in camera, and order the agency to amend the record. Id. As set forth below, Plaintiff's request for injunctive relief should be denied.

1.      The VA Provided Plaintiff With Access To His Record

The Court should deny claim I alleging violations of section (d)(1) as moot because the

Department provided Plaintiff with access to his record when it responded to his Privacy Act

request.  See Compl. ¶¶ 15, 83, 87.  Additionally, Plaintiff claims that certain materials were not

included in his record, such as documents that he speculates should exist, and irrelevant

correspondence between the VA and his members of Congress.  In truth, Plaintiff attempts to

place additional obligations on the Department and its agents by demanding that he have access

to information that logically does not exist and that his record be maintained in a manner he finds

most suitable.  Id.  However, the Act does not place such an obligation on the Department when

"accessing" records.  The VA is not obligated to search "every desk drawer and coat pocket in

order to discharge its statutory obligation to make all such material available to [Plaintiff] . . . it

is inconceivable that Congress intended to impose such an obligation."  See Bechhoefer v.

United States Dep't. of Justice, 312 F.3d 563, 567 (2nd Cir. 2002).  The Department provided

Plaintiff with access to his record, satisfying its statutory obligations.  See Compl., passim.

2.      Plaintiff Is Not Entitled To An Order Directing The VA To Amend His Record

Plaintiff's claim under section (g)(1)(A) should be should be dismissed for two reasons.

First, he has not administratively exhausted it.  Diederich v. Dep't of the Army, 878 F.2d 646,

648 (2d Cir. 1989); Olsen, 2013 WL 3190346 at *3; accord Colon v. Executive Office for United

States Attorneys, No. Civ.A.98–0180, 1998 WL 695631, at *2 (D.D.C. Sept.29, 1998); but see

Duke v. United States, 305 F. Supp. 2d 478, 488 (E.D.Pa 2004) ("exhaustion requirement is not a

jurisdictional requirement, but a 'practical' requirement 'meant to provide courts with the benefit

of an agency's expertise, and serve judicial economy.'").

Section 552a(g)(1)(A) of the Act "permits an action to go forward '[w]henever any agency . . . makes a determination under subsection (d)(3) . . . not to amend an individual's record in accordance with his request, *or fails to make such review in conformity with that subsection*." Diederich, 878 F.2d at 648 (emphasis in original).  Section (d)(3) of the Act "permits [an] individual who disagrees with the refusal of the agency to amend his record to request a review of such refusal and not later than 30 [business] days . . . complete such review and make a final determination . . . ." See 5 U.S.C. 552a(d)(3).  In addition, the head of the agency may extend the review period for another 30 days for "good cause shown." Id.

In Diederich, an Army officer's "*direct request* . . . for the correction of his records had been stalled before an appeals board for several months." Id., at 647 (emphasis added).  The Second Circuit held that the officer need not await the decision of the appeals board to file a civil action because it had exceeded the review period set forth in the Act. Id., at 647-48.  Implicit in the Diederich court's reasoning is the fact that the individual there "request[ed an] amendment of [the] record pertaining to him" under section (d)(2) of the Act. Id., at 674.

Here, Plaintiff's request for relief under section (g)(1)(A) should be dismissed because he concedes that has not taken the required first step and requested that the VA amend his record, evidence of which, for example, can be found in the amended complaint's "request for relief." Compl., p. 239, ¶ (ll).  There Plaintiff requests the Court to "order [the VA] to assure Plaintiff a meaningful opportunity to request amendment of any record pertaining to Plaintiff maintained within a [VA] system of record [sic] . . . ." Id. (Emphasis added).  In addition, Plaintiff merely "inquired" of the VA as to "the procedures for correcting or amending" his record "so that . . . [the November 2013 and January 2014 reports] were fully included [therein]." Compl., ¶ 84 (emphasis added).  In the over 500 pages of complaint and amended complaint, plus several

hundred pages of exhibits, there is no allegation that Plaintiff requested that either report be amended or corrected, in whole or in part, but merely that both be "fully included" in his record (i.e., acted upon in accordance to his understanding of them and to his satisfaction).

It is also noteworthy that in both the complaint and the amended complaint, Plaintiff recites in precise detail the date of a meeting, the name of the individual with whom he met, what issues and documents were discussed, and in many instances, not discussed.  But inexplicably, and implausibly Defendant submits, Plaintiff apparently did not ask for and did not record the name(s) of the "personnel at the [Manhattan VA's] Customer Service Intake Desk," from whom he alleges that he received faulty information.  Id.  That is because Plaintiff does not want the reports in his record corrected.  He wants the outcome corrected, and for that outcome he asks that the reports be interpreted (and used) in the manner he desires, i.e., that they establish that he is entitled to self-employment benefits.

Moreover, Plaintiff does not seek an order compelling the VA to act on any pending request to amend or correct his record.  Rather, he asks for a "meaningful opportunity to [make such a] request."  Given this inconsistency and the record before the Court, the Department submits that it cannot be held to have "ma[de] a determination under [the Act] . . . not to amend [Plaintiff's] record in accordance with his request . . . " and this claim for relief not contemplated by the Act should be dismissed.  Diederich, 878 F.2d at 648.  Accordingly, until Plaintiff makes such a request, he has not administratively exhausted his record amendment claim and it should be dismissed.  See Diederich, 878 F.2d at 648; Olsen, 2013 WL 3190346 at *3.

# POINT II

## THE COMPLAINT SHOULD BE DISMISSED
## FOR FAILURE TO STATE A CLAIM

**A.**    **Standard For Dismissal For Failure To State A Claim**

In order to survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." ATSI Communications, Inc. v. Wolfson, 493 F.3d 87, 98 (2d Cir. 2007) (internal quotation marks, footnote and citation omitted). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

A complaint that alleges only "'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do." Id. Likewise, a complaint that merely "tenders 'naked assertion[s]' devoid 'of further factual enhancement'" does not satisfy the Iqbal standard. Comfort Inn Oceanside v. Hertz, No. 11-CV-1534, 2011 WL 5238658, at *3 (E.D.N.Y. Nov. 1, 2011), quoting Iqbal, 566 U.S. at 678 (internal citation omitted). While the court must accept as true all of the factual allegations in the complaint for purposes of a motion to dismiss pursuant to Rule 12(b)(6), it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id., at 678. Significantly then, a plaintiff who fails to allege more than mere conclusions is not then entitled to "unlock the doors of discovery." Id.

In reviewing a complaint under the Iqbal plausibility standard, a court should first weed out allegations in the complaint that "'are no more than conclusions' and therefore 'are not

entitled to the assumption of truth.'" Comfort Inn Oceanside, 2011 WL 5238658, at *3, quoting

Iqbal, 566 U.S. at 579; see also Hayden v. Patterson, 594 F.3d 150, 161 (2d Cir. 2010).  Next, "a

court should assume that any remaining well-pleaded allegations are true and 'then determine

whether they plausibly give rise to an entitlement to relief.'"  Comfort Inn Oceanside, 2011 WL

5238658, at *3, quoting Iqbal, 566 U.S. at 579; see also Ruston  v. Town Bd. for Skaneateles,

610 F.3d 55, 59 (2d Cir. 2010).  As discussed below, even affording the complaint a liberal

reading, it should be dismissed for failure to state a claim.

**B.**      **Plaintiff Cannot Show That He Sustained Actual Damages**

The complaint should be dismissed because Plaintiff's "formulaic recitation of the

elements of a cause of action [under the Act]" does not entitle him to relief and should not

"unlock the doors of discovery."  Iqbal, 556 U.S. at 678. The amended complaint, again

significantly and fatally, fails to allege, let alone prove, that Plaintiff sustained "proven pecuniary

or economic harm," as is his burden to meet the Privacy Act's "actual damages" standard.  See

Cooper, 132 S. Ct. at 1448-49; Chao, 540 U.S. at 627.  In Cooper, the Supreme Court likened

"actual damages" to "special damages" which "must be specially pleaded and proved."  132 S.

Ct. at 1450.

Here, Plaintiff tallies his alleged "actual damages" by listing "the personal expenditures

[he] incurred while pursuing redress of inaccurate, untimely, and incomplete agency's [sic]

records," including the number of trips he made via various modes of public transportation from

his Long Island home to the VA's offices in Manhattan.  Plaintiff's alleged expenditures also

include fees for phone calls and faxes, stationery supplies, gas, copying and postage.  See Ex.

21, passim.  Plaintiff's formulaic recitation of the Act's provisions aside, and before reaching the

issue of whether Plaintiff sustained actual damages due to a violation of the Act, it must be noted

that the amended complaint fails to include the amounts Plaintiff actually spent on the personal expenditures. Id.[7] In any event, the "actual damages" Plaintiff seeks are not pecuniary in the "context" of the claims alleged. See Cooper, 132 S. Ct. at 1448-50.  Plaintiff again submits that the VA's alleged violations of the Act caused him to sustain "general damages," in the form of "stresses," "physical and mental pain," "homeless[ness]," and unquantified "financial hardships." See Compl., Ex. 21, ¶¶23-26.  As this Court previously held, such damages are non-compensable under the Act.  Conyers, 2017 WL 722107, at *8; see also Cooper, 132 S. Ct. at 1453.  In addition, Plaintiff cannot claim that the VA caused him to lose any employment-based income because it is undisputed that he was unemployed prior to and at the time he applied for VR&E benefits in 2013.  See Compl., Ex. 16.  In addition, the May 2014 letter advised Plaintiff that all other VA benefits he had been receiving were unaffected by the VR&E benefits decision. See Compl., ¶ 76, Ex. 9.

Moreover, Plaintiff cannot demonstrate that he is entitled to damages.  He cannot meet the willfulness component of Act (5 U.S.C. § 552a(g)(4) because he cannot show that the VA personnel with whom he dealt acted, or failed to act, in such a "patently egregious and unlawful [manner]" so as to have 'known the "conduct . . . [was] unlawful." Deters, 85 F. 3d at 660. Plaintiff at best cites nothing more than mere "administrative error" for which the Act does not provide relief.  Germosen, 1999 WL 1021559 at *18 (citations omitted).

**C.  All of Plaintiff's Individual Claims For Relief Should Be Dismissed**

Plaintiff's inability to show actual damages or willfulness aside, none of the remaining claims for relief not previously addressed herein, are actionable under the Privacy Act.  See

---

[7] Plaintiff apparently seeks, inter alia, $1,000 for each Long Island Railroad ticket he purchased.  The current peak fare from Hempstead to Penn Station is $12.  http://lirr42.mta.info/fares.

Compl., pp. 235-242.  Specifically, Plaintiff asks that the Court declare that the VA "materially and willfully misrepresented" his record to multiple individuals and entities.  Plaintiff also asks the Court to declare that the VA "materially and willfully violated" multiple provisions of Act.  However, such relief is unavailable under the Act because injunctive relief is available "only when an agency either wrongful [sic] withholds a plaintiff's documents or wrongful [sic] refuses to amend a plaintiff's record."  Tarullo, 600 F. Supp. 2d at 359.  The Act, therefore, "precludes other forms of declaratory and injunctive relief . . . ."  Id.  Accordingly, the individual claims for relief should be dismissed with prejudice.

## CONCLUSION

Based on the foregoing, Defendant United States Department of Veterans Affairs respectfully requests that the Court grant its motion to dismiss the amended complaint in its entirety, enter judgment in its favor, and order such other and further relief as this Court may deem just and proper.

Dated:   Central Islip, New York
        May 19, 2016

                                        Respectfully submitted,

                                        BRIDGET M. ROHDE
                                        Acting United States Attorney
                                        Eastern District of New York
                                        Attorney for the United States
                                        Department of Veteran Affairs
                                        610 Federal Plaza
                                        Central Islip, New York 11722


                                By:      s/ JAMES H. KNAPP, AUSA
                                        JAMES H. KNAPP
                                        Assistant United States Attorney
                                        (631) 715-7879

To:     Vincent Curtis Conyers
        Plaintiff, *Pro Se*
        533 Mitchell Street
        Uniondale, New York 11553-3014