UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

VINCENT CURTIS CONYERS,

     Plaintiff,

  -against-

UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS,

     Defendant.

-----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 26 2018 ★

LONG ISLAND OFFICE

ORDER
16-CV-0013 (JFB) (SIL)

JOSEPH F. BIANCO, District Judge:

 *Pro se* plaintiff Vincent Curtis Conyers ("plaintiff") brings this action against the United States Department of Veterans Affairs ("defendant" or "the VA") for violations of the Privacy Act of 1974 ("the Privacy Act"), 5 U.S.C. § 552a *et seq.* Plaintiff's claims relate to the VA's collection, maintenance, and disclosure of his records in determining whether to grant his application for Vocational Rehabilitation and Employment benefits. On May 19, 2017, defendant moved to dismiss plaintiff's first amended complaint[1] under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and, alternatively, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 48.) On October 18, 2017, the Court referred the motion to the Honorable Steven I. Locke. (ECF No. 54.)

 Presently before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Locke advising the Court to dismiss the first amended complaint in its entirety, with leave

---

[1] After defendant moved to dismiss plaintiff's original complaint, the Honorable Steven I. Locke issued a report and recommendation advising that the complaint should be dismissed in its entirety, with leave to amend several claims. (ECF No. 34.) Before this Court could act on that report and recommendation, plaintiff filed an amended complaint. (ECF No. 36.) On February 22, 2017, this Court adopted Judge Locke's report and recommendation in its entirety. (ECF No. 37.)

to amend the sixth, seventh, and eighth causes of action. (ECF No. 55.) More specifically, Magistrate Judge Locke concluded that the Court lacks subject matter jurisdiction over the first, second, third, fourth, and fifth causes of action. (R&R at 15-22.) Thus, Magistrate Locke recommends that those claims be dismissed without leave to re-plead, as any amendment would be futile. (R&R at 26.) With respect to the six, seventh, and eighth causes of action, Magistrate Judge Locke concluded that the Court has subject matter jurisdiction over those claims, but that they are insufficiently pled under Rule 12(b)(6). (R&R at 22-26.) Judge Locke recommends that plaintiff be granted leave to amend those claims. (R&R at 26-27.) For the reasons explained below, after a *de novo* review, the Court adopts the thorough and well-reasoned R&R in its entirety.

## I. Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB) (AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the

magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## II. Objections to the R&R

Defendant submitted objections to the R&R on February 12, 2018. (ECF No. 57.) Defendant objects only to the recommendation that the Court grant plaintiff leave to amend the sixth, seventh, and eighth causes of action.

Plaintiff submitted objections to the R&R on February 13, 2018. (ECF No. 58.) Plaintiff objects to Magistrate Judge Locke's conclusions that the Court lacks subject matter jurisdiction over the first, second, third, fourth, and fifth causes of action and that those claims should be dismissed without leave to amend.[2] Plaintiff does not raise objections to Magistrate Judge Locke's recommendations that the sixth, seventh, and eighth causes of action be dismissed for failure to state a claim, with leave to amend.

## III. Analysis

Having reviewed the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the thorough and well-reasoned R&R in its entirety.

## A. First through Fifth Causes of Action

The Court agrees with Magistrate Judge Locke's conclusion that the Court lacks subject matter jurisdiction over the first, second, third, fourth, and fifth causes of action, and that those claims should be dismissed without leave to amend.

---

[2] Plaintiff additionally objects to Magistrate Judge Locke's purported failure to draw all reasonable inferences in plaintiff's favor. As an initial matter, plaintiff's right to have all reasonable inferences drawn in his favor on a Rule 12(b)(6) motion does not substitute for his obligation to plead sufficient facts to state a plausible claim. In any event, having reviewed the entire record and the R&R, the Court concludes that this objection lacks merit.

Plaintiff's first cause of action seeks injunctive relief under Section 552a(d)(1) of the Privacy Act, which obligates an agency to provide an individual with his record upon request. Magistrate Judge Locke concluded that this claim is moot because the VA has provided plaintiff with his record. (R&R at 18.) Plaintiff's corresponding objections simply restate his arguments in opposition to defendant's motion to dismiss—each of which was thoroughly, and correctly, considered by Magistrate Judge Locke. The Court thus adopts the recommendation that the first claim be dismissed without leave to amend, as plaintiff cannot state a claim to obtain records in his possession.

Plaintiff's second cause of action seeks an amendment to his record under Section 552a(d)(2) of the Privacy Act. However, the Privacy Act establishes specific procedures that an individual must follow before he may bring a civil claim to amend an agency record. *See* 5 U.S.C. § 552a(d). Specifically, an individual must request an amendment and, if the request is denied, request that the agency review that denial. *Id.* An individual may bring a civil action only after the agency either "makes a determination . . . not to amend an individual's record in accordance with his request, or fails to make such review in conformity with [Section 552a(d)]." 5 U.S.C. § 552a(g)(1)(A).

Magistrate Judge Locke concluded that plaintiff's claim to amend his record should be dismissed for failure to exhaust administrative remedies because plaintiff has not alleged that he made a request to the VA to amend his record. (R&R at 18-19.) In his objections, plaintiff argues that he has alleged a request to amend, and points to allegations that he "inquir[ed] into the procedures for correcting or amending" his record. Compl. ¶ 84 & Ex. 21 ¶¶ 20-21.

The Court agrees with Magistrate Judge Locke's conclusion that plaintiff's alleged inquiry into the VA's procedures for requesting an amendment falls short of alleging that he *actually*

*requested* an amendment to his record. Moreover, in addition to alleging that he has made a request to the VA, plaintiff must also allege that the VA has either made a determination not to amend his record or failed to make the review required under Section 552a(d).[3] *See, e.g., Olsen v. Soc. Sec. Admin.,* No. 10-CV-0474 JS, 2013 WL 3190346, at *3 (E.D.N.Y. June 18, 2013) ("Failure to comply with the 'explicit steps' for agency review outlined in [Section 552a(d)] prior to commencing suit deprives this Court of subject matter jurisdiction." (quoting *Kursar v. Transp. Sec. Admin.,* 581 F. Supp. 2d 7, 18 (D.D.C. 2008), *aff'd,* 442 F. App'x 565 (D.C. Cir. 2011))). Thus, the Court agrees with Magistrate Judge Locke that plaintiff has not alleged that he has exhausted his administrative remedies. Plaintiff's second cause of action is accordingly dismissed, without leave to amend. However, plaintiff may reassert the claim after he exhausts his administrative remedies.

Finally, Judge Locke concluded that the third, fourth, and fifth causes of action should be dismissed because those claims constitute improper collateral attacks to plaintiff's negative benefits determination over which the Court lacks subject matter jurisdiction. (R&R at 19-21.) Plaintiff's objections again only reassert arguments made in opposition to defendant's motion to dismiss. The Court agrees with Magistrate Judge Locke's conclusion that these claims seek to collaterally attack the VA's denial of plaintiff's application for Vocational Rehabilitation and Employment benefits, and should be dismissed without leave to replead.[4]

---

[3] To the extent that plaintiff is arguing for an amendment to his record in his currently pending appeal before the Board of Veterans' Appeals, his administrative remedies still have not been exhausted, as that would mean that the VA has not yet determined whether to amend his record.

[4] The Court further agrees with Magistrate Judge Locke's conclusion that the primary jurisdiction doctrine should not be invoked to stay, rather than dismiss, plaintiff's claims. (R&R at 21.) With respect to those claims over which the Court lacks subject matter jurisdiction, the Court cannot invoke the primary jurisdiction doctrine. *See Golden Hill Paugussett Tribe of Indians v. Weicker,* 39 F.3d 51, 58–59 (2d Cir. 1994) ("The threshold issue in determining whether this doctrine applies is whether both the court and an agency have jurisdiction over the same issue."). In any event, the doctrine is discretionary, *Tassy v. Brunswick Hosp. Ctr., Inc.,* 296 F.3d 65, 72-73 (2d Cir. 2002), and the Court agrees with Magistrate Judge Locke that it should not be invoked over any of the claims here.

## B. Sixth through Eighth Causes of Action

Plaintiff's sixth, seventh, and eighth causes of action seek monetary damages under the Privacy Act. As Magistrate Judge Locke correctly notes, to state a claim for monetary damages under the Privacy Act, a complaint must allege, *inter alia*, that the violation was "intentional or willful," *e.g.*, *Miller v. McHugh*, 814 F. Supp. 2d 299, 315 (S.D.N.Y. 2011) (quoting *Dowd v. IRS*, 776 F.2d 1083, 1084 (2d Cir. 1985)), and that the plaintiff suffered an "adverse effect" meaning some "pecuniary harm," *e.g.*, *FAA v. Cooper*, 566 U.S. 284, 303-04 (2012).[5]

Plaintiff's sixth cause of action alleges violations of Section 552(a)(e)(6) of the Privacy Act, which requires an agency, before "disseminating any record about an individual" to "make reasonable efforts to assure that such records are accurate, complete, timely, and relevant for agency purposes." 5 U.S.C. § 552a(e)(6). Magistrate Judge Locke concluded that the sixth cause of action should be dismissed because plaintiff fails to allege that the violation was intentional or willful, (R&R at 24-25), but recommends that plaintiff be given an opportunity to amend the claim (R&R at 26). Plaintiff does not object to these recommendations. Defendant agrees that plaintiff has failed to state a claim, but argues that any amendment would be futile. The Court agrees with Magistrate Judge Locke's recommendation that plaintiff should be given an opportunity to amend this claim. The Second Circuit has emphasized that district courts should not dismiss *pro se* complaints "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *E.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999). Although

---

[5] Although Magistrate Judge Locke's recommendations that the sixth, seventh, and eighth causes of action should be dismissed focus on specific elements of each alleged statutory subsection, plaintiff is reminded that these pleading requirements apply to all claims for money damages under the Privacy Act. Plaintiff's second amended complaint must therefore allege that the VA intentionally or willfully violated Sections 552a(e)(6), (9), and (10) of the Privacy Act and that he suffered an adverse effect as a result of those violations in order to survive a motion to dismiss.

some of these causes of action were in plaintiff's initial complaint and were already the subject of a motion to dismiss, plaintiff filed the amended complaint before this Court's adoption of the report and recommendation. In any event, in light of plaintiff's *pro se* status, and because the Court agrees with Magistrate Judge Locke that amendment would not necessarily be futile as to plaintiff's sixth cause of action, the Court grants plaintiff a final opportunity to amend that claim.

Plaintiff's seventh and eighth causes of action allege violations of Sections 552(a)(e)(9) and (10) of the Privacy Act, respectively. Subsection (9) requires an agency to "establish rules of conduct for persons involved in the design, development, operation, or maintenance of any system of records." 5 U.S.C. § 552a(e)(9). Subsection (10) requires an agency to "establish appropriate administrative, technical and physical safeguards to insure the security and confidentiality of records." 5 U.S.C. § 552a(e)(10). As Magistrate Judge Locke correctly stated, to plead a violation of these sections, a complaint must "identify a rule or safeguard . . . that [the agency] should have established but did not." *E.g.*, *Dick v. Holder*, 67 F. Supp. 3d 167, 186 (D.D.C. 2014) (collecting cases). Magistrate Judge Locke recommends that the seventh and eighth causes of action should be dismissed for failure to identify a rule or safeguard that defendant failed to implement, (R&R at 25), but that plaintiff should be permitted to re-plead the claims, (R&R at 25-26.) Plaintiff does not object to these recommendations. Defendant again agrees that plaintiff has failed to state claims under these subsections, and again argues that any amendment would be futile. The Court adopts Magistrate Judge Locke's recommendation that these claims be dismissed for failure to state a claim, and, for the same reasons set forth above, grants plaintiff leave to amend these claims.

## IV. Conclusion

For the foregoing reasons and the reasons set forth in the R&R, IT IS HEREBY ORDERED that the Court adopts the thorough and well-reasoned R&R in its entirety. Accordingly, plaintiff's first, second, third, fourth, and fifth causes of action are dismissed without leave to amend, and the remaining claims are dismissed with leave to amend. IT IS FURTHER ORDERED that plaintiff's second amended complaint must be filed within forty-five (45) days of the date of this Order. IT IS FURTHER ORDERED that defendant serve a copy of this Order on plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED /

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:    February 26, 2018
Central Islip, NY

8